APPEAL from a judgment of the Appellate Division of
the Supreme Court in the second judicial department,
entered December 4, 1914, affirming a judgment in favor
of plaintiff entered upon a verdict in an action to recover
for personal injuries alleged to have been sustained
by plaintiff through the negligence of the defendant.
The complaint alleged that at or about the inter-
section of Twenty-sixth street with the westerly
side of Broadway, New York city, defendant's servant
negligently drove a horse and wagon against the plain-
tiff and knocked him down, causing the injuries com-
plained of. The answer raised the general issue, and
alleged that whatever injuries plaintiff suffered were
caused either by his own negligence or that of some
person over whom defendant had no control, and for
whose acts defendant was not responsible.

*Lowen Edward Ginn* and *William Butler* for appellant.
*Arnon L. Squiers* and *William M. Seabury* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, CUDDEBACK,
HOGAN, POUND, MCLAUGHLIN and ANDREWS, JJ.

---

JAMES D. ARMSTRONG, Appellant, *v.* MINETTO MERIDEN
COMPANY, Respondent.

*Armstrong* v. *Minetto-Meriden Company*, 166 App. Div. 970, affirmed.
(Argued November 22, 1917; decided December 11, 1917.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the fourth judicial department,
entered February 4, 1915, affirming a judgment in favor
of defendant entered upon a dismissal of the complaint
by the court at a Trial Term in an action to recover for
personal injuries alleged to have been sustained by

plaintiff through the negligence of the defendant, his employer. The plaintiff, who was employed to run an elevator, complained that the defendant negligently permitted the doors protecting the elevator shaft to become out of repair and defective so that they failed to operate automatically and remained open and left the elevator shaft unguarded. He alleged that he left the elevator at the middle floor and went away for a short time and when he returned " believing said elevator was still there and in working order and said doors, casings or inclosures not inclosing said space, the plaintiff herein stepped into, as he supposed, said elevator, but in fact into the space left by said elevator, * * * " and falling down the shaft received the injuries complained of. The defendant denied any negligence upon its part and alleged that the injuries sustained by the plaintiff were caused by the plaintiff's own negligence in walking into the empty elevator shaft without looking or exercising proper care and also that plaintiff assumed the risks of said injuries.

*Wordsworth B. Matterson* for appellant.
*Charles E. Spencer* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, CUDDEBACK, HOGAN, POUND and McLAUGHLIN, JJ. Not sitting: ANDREWS, J.